**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESHAN ZHANG, | No. 11-72844 |
| Petitioner, | Agency No. A099-066-927 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Deshan Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from the

immigration judge's ("IJ") denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility finding and other factual findings underlying the determination that an applicant is ineligible for asylum, withholding of removal, and CAT protection. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010); *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006). For due process claims, we review questions of law de novo and factual findings for substantial evidence. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We deny the petition for review.

The agency's adverse credibility decision was reasonable and supported by substantial evidence given the totality of the circumstances, including the implausibility of some of Zhang's statements, non-trivial inconsistencies within Zhang's testimony and between his testimony and his written statement, and Zhang's failure to provide a corroborating declaration from his wife. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42, 1047-48 (9th Cir. 2010).

In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011); *Shrestha*, 590 F.3d at 1048 (holding that substantial evidence supported denial of withholding of removal because, absent the petitioner's discredited testimony, no objective evidence established a clear probability of persecution); *see also Farah v.*

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Zhang's CAT claim also fails because he points to no other evidence that shows it is more likely than not that he will be tortured if returned to China.  *See Farah*, 348 F.3d at 1156-57.

Zhang argues that, by affirming the IJ's adverse credibility decision, instead of remanding, the BIA denied him a full and fair hearing, violating his due process rights.  Because the BIA properly affirmed the IJ's adverse credibility ruling, this argument has no merit.

**PETITION FOR REVIEW DENIED**.

11-72844